IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILO H. SEGNER, JR., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-cv-2178-B |
| | § | |
| WORKMAN SECURITIES CORP. and, | § | |
| DEWAAY FINANCIAL NETWORK, | § | |
| Defendant. | § | |

**JOINT STATUS REPORT**

I. **JOINT STATUS REPORT**

Pursuant to the Court's April 26, 2016 order, the parties submit this Joint Scheduling Proposal. This case was originally brought in Bankruptcy Court as an adversary proceeding against numerous broker-dealers arising out of the bankruptcy case of Provident Royalties, LLC. *See Segner v. Boogie Investment Group, et al.,* 3:10-AP-3167; *In re Provident Royalties, LLC, et al.*, Case No. 09-33886-HDH-11. The broker-dealer defendants moved to withdraw the reference from bankruptcy court and the motion was granted. The reference was withdrawn by Judge Royal Furgeson on November 23, 2010 and the case bore the case number 3:10-CV-1890. The adversary was ultimately consolidated with a previously filed securities class action bearing case number 3:10-CV-1884. The Plaintiff reached settlement with numerous defendants, took default judgments against some defendants and other defendants filed bankruptcy protection.

On February 18, 2014, this Court severed the Defendants in this action from the previously consolidated cases in Case No. 3:10-CV-1884. This case is the result of the Order

severing claims. The Trustee instituted the now-severed case and it was assigned the above-referenced case number.

**(1)      A brief statement of the nature of the case.**

Plaintiff is the Liquidating Trustee of the Provident Royalties Liquidating Trust, which was established by virtue of the United States Bankruptcy Court for the Northern District of Texas's Order Confirming Fourth Amended Joint Plan of Liquidation for Provident Royalties, LLC (among other related debtor entities) (collectively, "Provident"). Plaintiff is tasked with liquidating remaining claims and causes of action that belong to the Provident bankruptcy estate, including fraudulent transfer claims arising under 11 U.S.C. §§ 548 and 550. Plaintiff also brings claims as the assignee of individual investors (creditors) of the Provident debtors, including claims for fraud, securities fraud, gross negligence and unsuitable investments. Plaintiff's claims in this case were asserted on or around June 10, 2010 against numerous broker-dealers that sold securities pursuant to a private placement memorandum in various Provident debtor entities to individual investors. Specifically, Plaintiff sued the broker-dealers for (a) both common law and statutory fraud claims as assignee of thousands of individual investors (the "Individual Investor Claims") and (b) fraudulent transfer claims arising under the Sections 548 and 550 of the Bankruptcy Code (the "Fraudulent Transfer Claims"). The Individual Investor claims have been severed and are being pursued in arbitration proceedings before FINRA.

The only remaining broker-dealer that has not either settled with the Trustee or filed for bankruptcy protection is Dewaay Financial Network ("Defendant"). The Plaintiff is pursuing the Individual Investor Claims against Defendant in a parallel FINRA arbitration and is pursuing the Fraudulent Transfer Claims in this case. Plaintiff's Fraudulent Transfer Claims seek the return of commissions that Plaintiff alleges the Defendant received in the two years before the Provident debtors filed bankruptcy in 2009.

Defendant contends, among other things, that Provident was not a true Ponzi scheme, that the Defendant provided value in exchange for the commissions it earned and that it was a good faith recipient of any commissions because it had no knowledge of Provident's Ponzi behavior.

**(2)      Any challenge to jurisdiction or venue.**

The parties believe that jurisdiction and venue is proper.

**(3)      Any pending motions.**

There are no pending motions before the Court. As the Court knows, certain parties attempted to consummate a class action settlement to resolve all claims. The settlement recently failed because the class settlement was deemed not legally viable.

**(4)   Any matters which require a conference with the Court.**

The parties are unaware of any at this time.

**(5)   Likelihood that other parties will be joined or the pleadings amended.**

The parties do not believe other parties will be joined. The parties also do not believe that pleading amendments are necessary at this time.

**(6)   Any changes, if any, should be made in the timing, form, or requirement for disclosures, including a statement of when initial disclosures were made or will be made.**

No suggested changes to the timing or form of disclosures. The parties had previously made Rule 26 initial disclosures when the case was consolidated and pending before Judge Furgeson in 2011 with the case number 3:10-CV-1884.

**(7)   (a) An estimate of the time needed for discovery, with reasons (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties believe necessary discovery can be conducted between now and July 1, 2016. The parties understand the Court is proceeding or planning to set the case for trial in August, 2016, which provides little time for discovery. However, the issues in this case are narrow. Discovery may be needed regarding the precise amount of commissions earned, the relationship between the Defendant and the Provident debtors and their knowledge of the Provident debtors' business operations and expert discovery related to whether Provident was a Ponzi scheme and what constitutes value in the context of the sale of fraudulent securities. Discovery should be conducted all at once.

**(8)   Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

The parties do not believe any such issues exist at this time.

**(9)** **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

The parties do not believe any such changes need to be made.

**(10)** **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

The parties do not have any specific requests for any other orders under these rules at this time.

**(11)** **Proposed deadlines with specific dates that limit the time to (a) file motions, including summary judgment and other motions; (b) complete discovery; and (c) make pretrial disclosures, submit pretrial materials and exchange exhibits.**

The parties propose that discovery (both fact and expert) concludes on July 1, 2016. The parties propose that motions, including summary judgment and *Daubert* motions be filed on or before July 15, 2016. The parties believe that pre-trial disclosures should be made on or before July 30, 2016. The foregoing proposal is based on the Court's indication to set the case for trial in August, 2016.

**(12)** **Requested trial date, estimated number of days for trial and whether jury has been demanded.**

A jury has been demanded. The parties believe the case can be tried in one week of court time or 5 business days. The parties would respectfully request a trial date of September 20, 2016 if at all possible to accommodate counsel's existing work schedules.

**(13)** **Whether the parties will consent to trial before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

The parties will not consent.

**(14)** **Progress made toward settlement, and the present status of settlement negotiations.**

The parties have made substantial progress towards settlement, including actually reaching a settlement of their disputes in the context of a larger class action settlement. Unfortunately, the appellate courts of the State of Iowa – after a lengthy appellate detour – deemed the class settlement not legally viable and, as a result, the settlement was not consummated. The collapse of the class action settlement has resulted in the both the parallel FINRA arbitration against Defendant and the case before the Court becoming active again.

The parties have already raised the issue of settlement with each other in the wake of the collapse of the class action settlement and will be discussing it in greater detail next week. The parties are hopeful that some resolution can be reached and quickly given the expedited schedule and cost of preparing to go to trial.

**(15)  What form of ADR would be most appropriate for resolving this case and *when* would it be most effective.**

The parties are not sure any ADR would be necessary at this time. The parties understand the legal issues and the nature of the settlement dynamic is more a function of the practical aspects of the settlement than convincing one side or the other concerning the merits of the parties' claims or defenses. Mediation would be most effective, if any form is to be effective. A quick mediation – on or before July 1, 2016, for example – would likely be the most effective and appropriate way to resolve the case.

**(16)  Any other matters relevant to the status and disposition of the case.**

None at this time.

Respectfully submitted,

 /s/ Andrew B. Sommerman
Andrew B. Sommerman
State Bar No. 18842150
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
**Sommerman, McCaffity & Quesada, L.L.P.**
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
214-720-0720
214-720-0184 (fax)

**ATTORNEYS FOR PLAINTIFFS**

-and-

 */s/ Matthew Boos*
Matthew Boos
Fredrikson & Byron, P.A..
200 South 6th Street, Suite 4000
Minneapolis, MN 55402
612-492-7180
mboos@fredlaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause pursuant to and in accordance with the Federal Rules of Civil Procedure via ECF and e-mail on May 6, 2016.

 */s/ Sean J. McCaffity*
 Sean J. McCaffity